IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GLEN A. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-2535 CM |
| v. ) | |
| ) | |
| NORMAN Y. MINETA, in his official ) | |
| capacity as Secretary of Transportation, ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

This matter comes before the court on the defendant's motion (**doc. 19**) for protective order. The parties have informed the court that they agree and stipulate to the court's entry of this Protective Order, to permit discovery of information that may be encompassed by the Privacy Act, with the exception of one provision which the court will address later in this order,

For the purpose of protecting the privacy of current and former employees of the Department of Transportation, Federal Aviation Administration, against unreasonable and unprotected disclosure of information pertaining to them, and in accordance with the provisions and objectives of the Privacy Act of 1974, as amended, 5 U.S.C. §552a, and for good cause shown, the court hereby orders, pursuant to 5 U.S.C. §552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure:

1.     The plaintiff may seek to discover information about other current and former employees of the defendant in an effort to prove his allegations of discrimination based on

race and sex, and his allegations of retaliation. Some of the information to be disclosed, or which may be sought by plaintiff, may include the Official Personnel Files of other current or former employees of the defendant, or portions of such files; these documents are contained within a system of records and the defendant asserts that these files and documents are protected by the Privacy Act of 1974, as amended, 5 U.S.C. §552a. The defendant is hereby ordered to disclose the information contained in the Official Personnel Files of other current and former employees of the Department of Transportation, Federal Aviation Administration, if the files are requested by the plaintiff. The defendant shall redact from the files produced certain personal information about the defendant's current and former employees, including the employees' social security numbers, dates of birth, home addresses, and home telephone numbers.[1]

    2.       This order is entered to permit the disclosure in the course of this action of any

---

[1] Plaintiff argues that Rule 26(a)(1)(A) contemplates that **home** address and telephone numbers must be disclosed on the defendant's initial disclosures. Defendant, citing various cases, and most recently *Walters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153,164-65 (D.D.C. 2003), argues that disclosure of personal information such as social security numbers, dates of birth, home addresses, and home telephone numbers is not only improper, but also unnecessary. Defendant has stated that it will provide plaintiff with a current business address and business phone number of each potential witness, and if more personal information is needed, plaintiff has the option of obtaining this information from the individual.

    The court has considered the parties' arguments. Plaintiff has failed to offer any persuasive support for the position that defendant is legally obligated under Rule 26(a)(1)(A), or should be required under the facts presented in this case, to provide the home addresses and telephone numbers of potential witnesses. Accordingly, the court will adopt the proposed language of the defendant for inclusion in this order.

    Lest there be any confusion on this point later, nothing in this order is intended or shall be construed as restricting the freedom of plaintiff or his attorney to contact any witness at home, i.e., provided that said information already is known by plaintiff or is provided to plaintiff by the witness.

of the defendant's files and documents covered by the Privacy Act which are reasonably necessary or useful to respond to discovery or to defend this pending action. This order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure. This order permits the defendant to produce files or documents without requiring the defendant to first object to disclosure on the basis of the Privacy Act and await a ruling before the files or documents can be disclosed.

3. The plaintiff shall not disclose any of the files or documents protected by this order or any information contained in them to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and prosecution of this case. Plaintiff shall ensure that any person, except himself, to whom he makes a disclosure of the files and documents pursuant to this order shall, prior to such disclosure, be presented with a copy of this Protective Order, and shall inform the person that they are likewise bound by the terms of this Protective Order.

4. With the exception of the plaintiff, and plaintiff's counsel, no other person to whom the plaintiff discloses files and documents which are protected by this order shall make a copy of any part of the files and documents. Neither plaintiff, nor plaintiff's counsel, nor any person to whom he has made disclosure shall make any further disclosures of information protected by this order except for disclosures allowed under the Privacy Act, and as reasonable necessary to prosecute this action. The sole purposes for which any files and documents pertaining to other current and former employees of the defendant shall be used are to prepare for and to prosecute this litigation.

5. If a party wishes to use any confidential information in any affidavits, briefs,

memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.[2]

6.     Upon conclusion of this action, including appeals, all copies of files and documents released to the plaintiff under this order, except exhibits entered into evidence, shall be destroyed by the plaintiff within a reasonable period, not to exceed 30 days after the last appeal is final.

7.     Nothing in this order constitutes any decision by the court concerning the application of the Privacy Act, discovery disputes, or the admission into evidence of any specific document, nor does anything in this order constitute any decision concerning liability for payment of any costs or production or reproduction of documents, nor does this order constitute a waiver by the parties of any right to object to discovery or admission into evidence of any document or record subject to this order.

IT IS SO ORDERED.

Dated this 2nd day of March, 2007, at Kansas City, Kansas.

                                        s/  James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

[2] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004) (citations omitted).